UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PAMELA MOTT DUFF** | **CASE NO. 3:24-CV-00050** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **STATE FARM FIRE & CASUALTY CO ET AL** | **MAG. JUDGE MCCLUSKY** |

MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (ECF No. 22) filed by the defendant, State Farm Fire & Casualty Co. ("State Farm"). The plaintiff, Pamela Mott Duff ("Ms. Duff") opposes (ECF No. 27). State Farm did not file a reply brief.

After careful consideration of the record, the parties' memoranda, and the applicable law, the Motion is **GRANTED**.

I.  BACKGROUND

The instant matter concerns a case of Schrodinger's insurance coverage. In 2016, Ms. Duff lived at 293 Mott Road in Columbia, Louisiana. ECF No. 1-1 at 1–2. She took out a renter's insurance policy (with State Farm) on the contents of the Mott Road residence. *Id.* at 2. In 2022, the Mott Road residence burned down, with many of Ms. Duff's belongings within. ECF No. 1-1 at 1–2. Ms. Duff contacted State Farm to claim against her renter's insurance, and they informed her that she hadn't had renter's insurance since 2020. *Id.* at 2. The rest depends on who you ask.

According to State Farm, in 2020, Ms. Duff moved to 252 Sypert Circle and told her insurer as much. ECF No. 22-2 at 1. Because renter's insurance is dwelling-

specific, State Farm contends that it cancelled Ms. Duff's policy on the Mott Road residence at her request. *Id.* at 1–2; *see also* ECF No. 22-3 at 3. State Farm further offers that it sent a written cancellation notice and refund check for the remaining premiums to her Mott Road address, that that notice was returned as undeliverable, and that it sent a second refund check to the Sypert Circle address, where it was later cashed by Ms. Mott. *See* ECF No. 22-2 at 2. Ms. Duff says that she never told State Farm that she was moving to Sypert Circle, but she skirts whether she ever actually moved to Sypert Circle. *See* ECF No. 27 at 4. Complicating matters, she does not explain why the Mott Road check was returned as undeliverable and the Sypert Circle check was cashed—if she hadn't moved from Mott Road to Sypert Circle. *See id.* However, Ms. Duff maintains that she never canceled the policy and that a refund check is insufficient to notify her of cancellation, whether she cashed it or not. ECF No. 27 at 4. Accordingly, Ms. Duff filed suit—*pro se*—in state court, later removed to this Court, seeking proceeds under the policy and bad-faith penalties.

State Farm filed the instant Motion, contending that the policy was canceled by Ms. Duff in accordance with La. R.S. 22:885, and thus, Ms. Duff has no coverage to claim against. *See* ECF No. 22 at 1. Ms. Duff opposes, asserting that the policy was instead canceled by State Farm, and as such, cites La. R.S. 22:1265 and avers that State Farm did not properly notify her of the cancellation as required by § 1265. *See* ECF No. 27 at 4, 9–13. Ms. Duff thus contends that a genuine dispute exists as to whether her policy was properly canceled—such that she could still recover losses covered therein. *Id.* at 5, 11–12.

2

## II. LEGAL STANDARD

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Hyatt v. Thomas,* 843 F.3d 172, 177 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Id.* (internal quotations omitted). In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil & Gas Corp.,* 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

### III. ANALYSIS

This case turns on a factual fork in the road—but both paths lead to dismissal. Ms. Duff either told State Farm to change her home address and cancel the Mott Road policy, or she didn't. *Compare* ECF No. 22-4 at 65–66 *and* ECF No. 22-5 at 1–2 *with* ECF No. 27 at 3–4. If Ms. Mott canceled her policy, which the overwhelming record evidence suggests, then she has no claim. But even if Ms. Mott did not cancel her policy—the loss occurred in December of 2022. The last renter's insurance policy was written with an effective date of April 15, 2020, and an expiry date of April 15, 2021. State Farm's letter noticing Ms. Duff of the termination or nonrenewal—whoever initiated it—satisfied the terms of the policy and the relevant statutes. We explain below.

**A. If Ms. Duff terminated the policy.**

According to the language of the relevant statute, La. R.S. 22:885, "Cancellation by the insured of any policy which by its terms may be cancelled at the insured's option or of any binder based on such policy may be effected by written notice thereof to the insurer and surrender of the policy or binder for cancellation prior to or on the effective date of such cancellation." La. R.S. 22:885 (2019).[1] And under the language of the insurance policy, the policy may be canceled by the insured "at any time by giving [State Farm] advance written notice of the date cancellation is to take effect. [State Farm] may waive the requirement that the notice be in writing by confirming the date and time of cancellation to [Ms. Duff] in writing." Applying

---

[1] We use the 2019 version of La. R.S. 22:885, because that was the statute in force when Ms. Mott allegedly terminated her policy. The 2020 version was not effective until January 1, 2021. *See* La R.S. 22:885 (2020).

the same "may" language—in the policy and in the statute—before the Court now, the Louisiana First Circuit Court of Appeal held that oral cancellation was sufficient and written confirmation was unnecessary when an insured initiates termination. *See Erdey v. Progressive Sec. Ins. Co.,* 31 So.3d 417, 419–420 (La. App. 1 Cir. 2009), *writ denied,* 31 So.3d 364 (La. 2010). But even if it weren't, State Farm mailed notice of termination and a premium refund check to Ms. Duff's listed *mailing* address—a P.O. Box—in accordance with the policy. ECF No. 22-4 at 1; *see also id.* at 47. The notice was returned as undeliverable, and State Farm resent the check to the Sypert Circle address. ECF No. 22-3 at 3. The second check was cashed by Ms. Mott. ECF 22-4 at 64. So, if Ms. Mott initiated the termination in 2020, the policy was properly terminated orally—and confirmed in writing. State Farm performed its statutory obligation. *See* La. R.S. 22:885 (2019); *see also Erdey,* 31 So.3d at 419–420; *cf. Williams v. Homesite Ins. Co.,* CIV.A. 11-00916, 2014 WL 309217 (W.D. La. Jan. 27, 2014). Other than the denial of these facts in her opposition, we have no record evidence to question that the policy was canceled at Ms. Mott's request. ECF No. 27 at 4. Rather, there are contemporaneous notes and documentation from July 2020 evincing Ms. Mott's request, and State Farm's effectuation of that request. ECF No. 22-4 at 61-67. Nevertheless, in the interest of completeness and avoiding credibility determinations, we consider Ms. Duff's version now. *See Anderson,* 477 U.S. at 255.

### B. If State Farm terminated the policy.

Written notice is required when an insurer cancels or refuses to renew a policy. *See* La. R.S. 22:1265. This is so an insured is "afforded sufficient time to obtain new

5

coverage." *Collins v. State Farm Ins. Co.*, 997 So.2d 51, 57 (La. Ct. App. 5th Cir. 2008). Ms. Duff had plenty of time to obtain new coverage, either from the July 2, 2020, cancellation date or the April 15, 2021, expiry date,[2] until the 2022 loss. Perhaps if the loss here occurred between July 2, 2020, and April 15, 2021, the undeliverable written notice, and subsequent cashed check, would complicate the result here. *See Seaberry v. Progressive Prop. Ins. Co.*, 2:21-CV-02087, 2022 WL 1073612, at *1–3 (W.D. La. Apr. 8, 2022). But because the loss was beyond the expiry date of the policy, and any coverage beyond April 15, 2021, would have required renewal, State Farm's mailings sufficed to preclude any coverage for a 2022 loss. *See Williams,* 2014 WL 309217, at *1, *3–4.

We will never know how the State Farm agent correctly guessed that a check mailed to 252 Sypert Circle would end up in Ms. Duff's hands—if, indeed, Ms. Duff never informed State Farm of the address change (or if she never moved in the first place). What we do know, however, is that Ms. Duff's policy, at the latest, lasted until April 15, 2021. ECF No. 22-4 at 6. We also know that State Farm sent Ms. Duff a notice of cancellation satisfactory under the relevant statute, and in comport with the insurance policy. *See ante*. And we know the Mott Road residence burned down in 2022, beyond both the alleged cancellation date and the known expiry date. No contortion of the facts here would result in Ms. Duff's policy still having effect in 2022. So, her case must be dismissed.

---

[2] Meaning the date the policy would have expired on its own terms.

Last, Ms. Duff filed a flash drive containing 714 files in support of her opposition. Mostly a shrine to her *pro se* litigation hobby, sprinkled with personal documents (like George Strait concert tickets), the manual attachment is not helpful to Ms. Duff's case. While the Court tried its hardest, even if there is a document helpful to Ms. Duff's claims contained somewhere in the muck and mire of that flash drive, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (cleaned up). Having failed to "identify specific evidence in the record" and "articulate [how] that evidence supports […] her claim," summary judgment is appropriate. *See id.*

### IV. CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment is **GRANTED** and Ms. Duff's claims against State Farm are **DISMISSED WITH PREJUDICE.**

**MONROE, LOUISIANA**, this 8th day of April, 2025.

_____
Terry A. Doughty
United States District Judge